# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STEVEN D. PETERS,**
**Claimant Below, Petitioner**

**vs.)   No. 12-0516**  (BOR Appeal No. 2046480)
(Claim No. 2007216459)

**ALCAN ROLLED PRODUCTS – RAVENSWOOD, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Steven D. Peters, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alcan Rolled Products – Ravenswood, LLC, by H. Toney Stroud, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 26, 2012, in which the Board affirmed a September 16, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 6, 2010, decision granting the claimant a 0% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Peters worked for Alcan Rolled Products as a machinist. On January 14, 2007, a mold fell on his left foot. Mr. Peters was diagnosed with a fracture of the third metatarsal in his left foot and his claim was held compensable for that diagnosis. Mr. Peters received treatment based on this claim and his condition improved to the point where he was released by the Holzer Clinic to return to his regular work activities on May 22, 2007. Mr. Peters was then evaluated by Dr. Bachwitt who found that the fracture to the third metatarsal had healed solidly in good position and alignment. Dr. Bachwitt further found that Mr. Peters had reached the maximum

1

degree of medical improvement. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), Dr. Bachwitt found that Mr. Peters's ankle, foot, and toe motions were all normal. Following a Weil osteotomy of the fourth metatarsal in the left foot, Dr. Bachwitt again evaluated Mr. Peters's impairment. Dr. Bachwitt found that Mr. Peters's range of motion was within normal limits. Dr. Bachwitt found that Mr. Peters had no impairment related to the fracture of the third metatarsal in his left foot. On July 6, 2010, the claims administrator granted Mr. Peters no permanent partial disability award for his compensable injury. Mr. Peters was then evaluated by Dr. Guberman who found that Mr. Peters continued to have pain in the middle of his left foot. Dr. Guberman found that Mr. Peters had persistent range of motion abnormalities. He found that Mr. Peters had 5% whole person impairment related to his compensable injury. On September 16, 2011, the Office of Judges affirmed the claims administrator's decision. The Board of Review then affirmed the Order of the Office of Judges on March 26, 2012, leading Mr. Peters to appeal.

The Office of Judges found that Mr. Peters had no impairment relating to his January 14, 2007, injury and affirmed the claims administrator's decision granting of no permanent partial disability award. In making its determination, the Office of Judges relied on the impairment evaluation of Dr. Bachwitt, who found that the original injury to the third metatarsal in the left foot had completely healed. The Office of Judges also noted that the x-rays reviewed by Dr. Bachwitt showed good alignment of the bone in the third metatarsal of the left foot. Dr. Bachwitt also reported that Mr. Peters had normal range of motion in his left ankle, foot, and toe. The Office of Judges found that the report of Dr. Guberman, who found that Mr. Peters had 5% impairment, was not consistent with the record as a whole. The Office of Judges also pointed out that Dr. Guberman only found impairment in the fourth metatarsal of Mr. Peters's left foot. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. The Office of Judges based its permanent partial disability award on the most reliable and persuasive impairment evaluation in the record. Dr. Bachwitt made his impairment assessment based on a proper application of the American Medical Association's *Guides* and his assessment was consistent with the record as a whole. The impairment rating provided by Dr. Guberman, by comparison, was not consistent with the other evidence in the record. Dr. Guberman based his impairment rating, at least partly, on problems relating to Mr. Peters's fourth metatarsal in his left foot, which is not a compensable component of the claim. The Office of Judges was within its discretion in relying on Dr. Bachwitt's impairment rating instead of Dr. Guberman's.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:**   December 11, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum